IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TASHA N. SMITH, | ) | CASE NO. 1:14-cv-02571 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | | |

Plaintiff, Tasha N. Smith ("Plaintiff" or "Smith"), filed an Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA") ("Application").  Doc. 18.  Defendant Commissioner of Social Security filed a Response in which she requests that the Court reduce the number of hours requested by Plaintiff on the grounds that the hours are inadequately itemized, excessive or not compensable under the EAJA.  Doc. 19.  Plaintiff filed a Reply to the Commissioner's response.  Doc. 22.  Plaintiff's Application was referred to the undersigned for a Report and Recommendation.  Doc. 20.  For the reasons set forth below, the undersigned recommends that the Court **GRANT in part** and **DENY in part** Plaintiff's Application.

## I. Background

On November 21, 2014, Plaintiff sought judicial review of the ALJ's disability determination.  Doc. 1.  Upon the parties' joint motion (Doc. 15), on May 8, 2015, the Court remanded this matter pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with the parties' stipulation for remand (Doc. 16; Doc. 17).  The parties' joint motion was submitted without the Commissioner filing a brief.

1

Plaintiff filed her Application on June 10, 2015. Doc. 18. She requests an award of $7,702.95, representing 25.8 hours for services rendered by Attorney Roose, 16.0 hours for services rendered by Attorney Kunder, and 1.6 hours for services rendered by appellate assistant Shriver. Doc. 18, p. 3; Doc. 18-13 (Summary of Requests). Attorneys Roose and Kunder request a rate of $182.75 per hour, and assistant Shriver requests a rate of $40 per hour. Doc. 18, p. 3; Doc. 18-13. On June 24, 2015, the Commissioner filed her Response requesting that the Court reduce the number of hours requested by Plaintiff, from 43.4 to 21.0. Doc. 19. The Commissioner contends that Plaintiff's hours are inadequately itemized, excessive or not compensable under the EAJA. Doc. 19. On July 17, 2015, Plaintiff filed a Reply in which she requests a supplemental award of $1,096.50, representing 6.0 hours for services rendered by counsel preparing the Reply, at a rate of $182.75 an hour, for a cumulative total of $8,799.45. Doc. No. 22.

## II. Analysis

The EAJA allows courts to award reasonable attorney fees and other expenses incurred, including proceedings for judicial review of agency action, to the prevailing party in an action against the United States unless the position of the United States was substantially justified or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). A court may award fees for defending an EAJA award, including a reply brief. *See Rodriguez v. Astrue*, 2012 WL 2905928 at *6 (N.D. Ohio July 16, 2012).

The EAJA sets a $125 cap on the hourly rates that the prevailing party may be reimbursed. 28 U.S.C. § 2412 (d)(2)(A). An award greater than the cap may be given if the court determines that there has been an "increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

2

*Id.* Defendant does not object to the hourly rate requested, and the undersigned finds the amount reasonable and in accordance with the cost of living and prevailing market rates.  *See Kane v. Astrue,* 2012 WL 5357781 at *4 (N.D. Ohio Oct. 31, 2012) (reducing number of hours requested but awarding attorney fees at an hourly rate of $179.51); *see also e.g.,* C*renshaw v. Commissioner of Social Sec.*, 2014 WL 4388154 at *3-4 (N.D. Ohio Sept. 5, 2014) (reducing numbers of hours requested but awarding attorney fees at an hourly rate of $181.25).  Also, the Commissioner does not contend that Plaintiff was not the prevailing party or that the Commissioner's position was substantially justified.  Thus, the issue for this Court is the reasonableness of the number of hours for which the Plaintiff seeks to be awarded EAJA fees.

A district court has discretion when determining an award of attorney fees.  *Hawk v. Astrue,* 2013 WL 139799 at *1 (N.D. Ohio Jan. 10, 2013) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).  In most Social Security cases, the number of hours expended ranges from twenty to thirty hours, with the high end of the average range generally being forty hours.  *Scott v. Colvin*, 2014 WL 3101327 at * 6 (N.D. Ohio July 7, 2014) (citing *Glass v. Sec'y of Health & Human Servs.,* 822 F.2d 19, 20 (6th Cir. 1987); *Hayes v. Sec'y of Health & Human Servs.,* 923 F.2d 418, 420 (6th Cir. 1990)); *see also  Hawk,* 2013 WL 139799 at *1 ("Absent extraordinary circumstances, the average number of hours for an attorney to work on a routine social security case ranges from thirty to forty hours."); *see also Smith v. Colvin*, 2013 WL 4828659 at *6 (Sept. 9, 2013).  "The relevant question, however, is not what is required in *most* security cases, but what did *this* case require."  *Glass,* 822 F.2d at 19 (emphasis in original).

Defendant first argues that Plaintiff's counsel did not adequately itemize the hours spent on the case as required by 28 U.S.C. § 2412(d)(1)(B).  Doc. 19, p. 2.  Plaintiff attached exhibits setting forth a Summary of Requests as well as attorney and non-attorney time schedules.  Doc.

3

18-1, Doc. 18-2, Doc. 18-13. The Summary of Requests and attorney time schedules reflect that Attorney Roose spent 25.7 hours on the merits of the case and Attorney Kunder spent 16 hours on the merits of the case[1] for a total of 41.7 hours. Doc. 18-13. Because the total hours spent between Attorneys Roose and Kunder marginally exceeded 40 hours, Attorney Roose voluntarily reduced the number of total hours he spent on the merits by 1.7 hours for the purpose of bringing the request within the top of the typical number of hours for a "routine" Social Security case. Doc. 18; Doc. 22, p. 3. Defendant asserts that, because Plaintiff did not particularly describe which tasks or services the 1.7 hours was deducted from, the application does not adequately put the Commissioner on notice as to which services Plaintiff still seeks compensation. Doc. 19, p. 3. The undersigned finds Defendant's position unpersuasive. Plaintiff's reduction was minimal and was identified as a reduction from the attorney billing regarding the merits of Plaintiff's case as opposed to billing with respect to the EAJA Application. Further, the 1.7 hours reduction does not impede the undersigned's ability to assess the reasonableness of the requested EAJA fees.

Next, the Commissioner asserts that Plaintiff's request includes excessive hours spent on briefing the merits of the case, which extends beyond the time typically spent on that task. Doc. 19, p. 4. Defendant argues that, because Attorney Roose has been Plaintiff's counsel since the administrative level, he was familiar with the case and thus the amount of time he spent briefing the merits, i.e. 23.4 hours, combined with Attorney Kunder's 15 hours, was excessive for what needed to be done. Doc. 19, pp. 3-6. Defendant asserts that Attorney Roose already reviewed Smith's medical records, and that the brief on the merits raised the same arguments about the weight given to the medical opinions, assessed residual functional capacity limitations and

---

[1] In the EAJA Application, an additional 1.8 hours was requested for work related to the EAJA Application. Doc. 18-13.

4

vocational expert testimony as his Appeals Council brief.  Doc. 19, p. 4.  Defendant also asserts that the time spent briefing the merits was a needless duplication of efforts between Attorneys Roose and Kunder and that courts have found far less hours than what Plaintiff requests to be excessive.  Doc. 19, p. 5.  In response, Plaintiff asserts that the schedules of services show that Attorney Kunder finished drafting the brief in early March, after which Attorney Roose edited and revised the draft.  Doc. 22, p. 4.

Defendant cites cases wherein courts have reduced the number of hours requested.  Doc. 19, p. 5.  In response, Plaintiff cites cases wherein courts have awarded fees in excess of 40 hours.  Doc. 22, p. 5.  However, as noted by the Sixth Circuit, when assessing the reasonableness of attorney fees, it "is not what is required in *most* security cases, but what did *this* case require." *Glass,* 822 F.2d at 19 (emphasis in original).

Here, two attorneys worked on Plaintiff's case.  Doc. 18-1, Doc. 18-13.  However, it does not appear that the work performed by each attorney was duplicative.  Further, the fact that work was performed by two attorneys in this case is not alone a basis for reducing the number of hours expended.  *See e.g., Shaffer v. Colvin*, 2014 WL 185779 at *4 (N.D. Ohio Jan. 16, 2014) ("[I]t is common practice for at least two attorneys to work on the same file.").  "Additional attorney hours expended may be appropriate where the issues are novel, complex, or extraordinary." *Scott*, 2014 WL 3101327 at *6 (citing *Hensley*, 461 U.S. at 434).  However, counsel should "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."  *Id.*  Thus, "[c]ourts should exclude hours that were not 'reasonably expended.'"  *Id.*  For the reasons set forth below, the undersigned recommends that the Court find that a reduction in the number of hours requested is warranted.

Here, Attorney Roose was not new to Plaintiff's case.  *See McWilliams v. Comm'r of Soc. Sec.*, 2010 WL 2597864 at *4 (N.D. Ohio June 7, 2010), *report and recommendation adopted*, 2010 WL 2597802 (N.D. Ohio June 24, 2010) (recognizing that an attorney's newness to a case may justify additional hours required for the attorney to get up to speed on a case).  Rather, Attorney Roose represented Plaintiff at the administrative hearing before the ALJ (Doc. 11, pp. 12, 27, 29) and with respect to her request for review of the hearing decision/order (Doc. 11, pp. 7-8).  Further, Plaintiff's case did not involve novel, unique or complex issues.  For example, in her Brief, Plaintiff argued that the ALJ failed to comply with the treating physician rule, failed to properly explain how the ALJ accounted for limitations contained in a consultative examining psychologist's opinion, and improperly relied upon VE testimony.  Doc. 13.  Plaintiff contends that her case required unusually close factual analysis.  Doc. 22, p. 10.  However, case specific factual analysis is not unique in Social Security cases.  Further, while Plaintiff contends that the extra effort that was spent by her attorneys in this case resulted in a greater likelihood that the Commissioner would agree to a voluntary remand (Doc. 22, p. 10), because the Commissioner agreed to a remand, the 40 hours requested by Plaintiff in connection with the merits of her case does not include hours typically expended in a Social Security appeal for review of the Commissioner's briefing on the merits and/or for hours expended in connection with preparing a reply brief.

Based on the foregoing, the undersigned concludes that 40 hours, of which 38.4 hours were spent in connection with preparation of Plaintiff's merits brief (Doc. 18-1), is an excessive number of hours.  Considering the lack of complexity or uniqueness of Plaintiff's case along with the fact that, as a result of the Commissioner's agreement to seek a joint remand, work typically required in a Social Security appeal was not necessary in this case, the undersigned

finds 30 hours reasonable.  Therefore, the undersigned recommends that the Court reduce the number of hours spent on the merits portion of this case for which fees should be awarded by 10 hours.

Plaintiff's request also includes a request for time spent litigating the EAJA Application.  Doc. 18, p. 3; Doc. 18-13 (1.8 hours associated with EAJA Application); Doc. 22, p. 11 (6 hours associated with EAJA Reply Brief).  Fees associated with seeking an EAJA award are compensable.  *See e.g., Killings v. Colvin*, 2013 WL 1455818 at * 8 (N.D. Ohio Apr. 9, 2013).  The Commissioner has not challenged or sought leave to challenge Plaintiff's request for 7.8 hours associated with her EAJA Application.  Additionally, the bulk of the 7.8 hours requested pertains to the Reply Brief which was filed to address the objections raised by the Commissioner.  Although the request for 7.8 hours is on the high side, in light of the foregoing and, based on the circumstances of this case, the undersigned recommends that the Court find Plaintiff's request for 7.8 hours for seeking an EAJA award to be reasonable.

The Commissioner also objects to Plaintiff's request for .6 hours expended by appellate assistant Shriver for clerical tasks such as mailing and receiving forms to and from Plaintiff and downloading the transcript.  Doc. 19, p. 7.  Plaintiff contends that there is authority for Plaintiff's request for compensation for the foregoing tasks.  Doc. 22, p. 2, n. 1 (relying on *Kling v. Sec'y of HHS*, 790 F.Supp. 145, 152 (N.D. Ohio 1992).  However, while fees are recoverable for an assistant's time, where tasks performed by the assistant fall into the category of clerical or non-legal tasks, such time may not be compensable.  *See Williams v. Comm'r of Soc. Sec.*, 2013 WL 5707792 at * 3 (N.D. Ohio Oct. 18, 2013) (concluding that appellate assistant's fees were not recoverable for time spent on administrative tasks such as downloading, mailing and receiving documents); *see also Kane v. Astrue*, 2012 WL 5357781 at * 5 (N.D. Ohio Oct. 31, 2012)

(finding that time spent on services such as "reviewing emails, mailing copies, and 'redocketing'" was not compensable since it was clerical and secretarial in nature rather than legal in nature"). In light of the foregoing, the undersigned recommends that the Court reduce the appellate assistant hours by .6 hours for work performed that was clerical in nature.

### III. Recommendation

Based on the foregoing, the undersigned recommends that the Court **GRANT in part** and **DENY in part** Plaintiff's Application for EAJA fees (Doc. 18) and award Plaintiff EAJA fees in the amount of $6,947.95. This amount represents $6,907.95 in attorney fees (37.8 hours x $182.75) plus $40.00 in appellate assistant fees (1 hour x $40.00).

November 9, 2015

Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).